UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAND,<br><br>        Plaintiff,<br><br>    v.<br><br>BEAU BRIAN BRINDLEY d/b/a LAW OFFICE OF BEAU B. BRINDLEY,<br><br>        Defendant. | Case No.  1:26-cv-02857-HBK<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED OR TRANSFERRED<br><br>JUNE 15, 2026 DEADLINE |

Plaintiff Robert Rand proceeds pro se on his First Amended Complaint ("FAC"), filed on May 5, 2026. (Doc. 4).  Plaintiff paid the filing fee.  Upon review of the FAC, the Court finds venue is lacking.  Therefore, Plaintiff shall show cause why the court should not dismiss the FAC.  Alternatively, Plaintiff may request it be transferred.

I.    OPERATIVE PLEADING

Plaintiff is a former licensed physician who operated a medical clinic in Reno, Nevada, from approximately 2005 to 2016.  On November 20, 2017, Plaintiff was sentenced to ten years in federal prison by the United States District Court for the District of Nevada, after entering a guilty plea to charges of involuntary manslaughter and illegal distribution of a controlled substance in Case No. 3:23-cv-00321-MMD ("the Nevada conviction").   The FAC asserts various state law claims, including legal malpractice, breach of contract, forgery, and fraud.  Plaintiff alleges that he, or family members on his behalf, paid Defendant a $15,000 retainer to

perform post-conviction legal work in connection with Plaintiff's Nevada conviction.  Plaintiff further alleges that Defendant's representation fell well below the applicable standard of care and, in fact, constituted fraud.  Defendant is an attorney licensed in Illinois, with his principal place of business in Chicago, Illinois.

The FAC asserts diversity jurisdiction under 28 U.S.C. § 1332(a)(1) on the basis that Plaintiff is a citizen of California and Defendant is a citizen of Illinois.  The FAC asserts that venue is appropriate in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff served his period of incarceration at the federal correctional facilities in California and he currently resides in a halfway house under federal supervision in Bakersfield, California.[1]

II.     APPLICABLE LAW

"The Ninth Circuit determined that a court may raise the issue of improper venue *sua sponte*."  *Wilson v. Behr Paint*, 2018 WL 5270555, at *4 (E.D. Cal. Oct. 22, 2018) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).  When diversity is invoked, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).  Thus, venue lies in any district where the defendant resides or where the incident giving rise to the claim occurred.

---

[1] An inmate's forced relocation due to incarceration does not change his domicile to the state of incarceration, as the inmate lacks freedom to choose his residence and the forced nature of the relocation "does little to evince an intent to make [the state of incarceration] his permanent home."  *See Johnson v. Johnson*, 615 Fed. App'x 430, 431 (9th Cir. 2015).  Nonetheless, a plaintiff's residence is not a determinative factor for venue.

III.    ANALYSIS

Venue is not proper in the Eastern District of California.  Based on the allegations in the FAC, venue appears proper in the United States District Court for the Northern District of Illinois. Defendant is a citizen of Illinois, and a substantial part of the events or omissions giving rise to the malpractice-related acts (or failures to act) and forgery occurred in Illinois.[2] *Bryant v. Weintraub, Genshlea, Hardy, Erich & Brown*, 844 F. Supp. 640, 642 (D. Or.), *aff'd*, 42 F.3d 1398 (9th Cir. 1994).

The Court will afford Plaintiff an opportunity to show cause why this action should not be dismissed for lack of venue.  Alternatively, 28 U.S.C. § 1404(a) permits a court to transfer any civil action to "any other district or division where it might have been brought" for the convenience of the parties and witnesses and "in the interest of justice."  28 U.S.C. § 1404(a).

Accordingly, it is hereby ORDERED:

No later than June 15, 2026, Plaintiff shall show cause why this Court should not recommend that the case be dismissed without prejudice for lack of venue.  In the alternative, if Plaintiff chooses, he may seek to have this action transferred under 28 U.S.C. § 1404(a) by filing a motion requesting transfer by the same date.[3]

Dated:    May 26, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court does not determine whether venue may also be proper in Nevada. Plaintiff's underlying criminal matter, in which Defendant is alleged to have committed malpractice, was indisputably litigated in Nevada. However, the FAC alleges facts that cast doubt on Nevada as an alternative venue. It asserts that Defendant never personally appeared before the Nevada court, did not sign the June 28, 2023 post-conviction motion filed in the Nevada case, and did not file any reply to the government's response. The retainer agreement also contains an Illinois choice-of-law provision. Finally, while the FAC alleges that the forgery occurred in Illinois and that the forged document was subsequently filed in Nevada—potentially supporting venue in both jurisdictions—the Court need not and does not resolve the propriety of venue in Nevada.

[3] "[A] magistrate judge may transfer a case for improper venue without approval of the district judge." *Hosseini v. Warden*, 2019 WL 13252062, at *1 n.1 (C.D. Cal. Apr. 17, 2019) (collecting cases).

3