UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAND, | Case No.  1:26-cv-02857-HBK |
| Plaintiff, | ORDER GRANTING MOTION TO TRANSFER CASE TO THE NORTHERN DISTRICT OF ILLINOIS[1] |
| v. | |
| BEAU BRIAN BRINDLEY d/b/a LAW OFFICE OF BEAU B. BRINDLEY, | (Doc. 7) |
| Defendant. | |

On May 29, 2026, pro se Plaintiff Robert Rand moved to transfer this case to the United States District Court for the Northen District of Illinois in response to the Court's order to show cause why this case should not dismissed this action for improper venue.  (Docs. 7).[2]

Under 28 U.S.C. § 1406(a), when a case is filed "in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a proper venue.  Plaintiff's First Amended Complaint asserts state law claims for legal malpractice, breach of contract, forgery, and fraud.  (Doc. 4).  He alleges that he, or family members on his behalf, paid Defendant a $15,000 retainer to perform post-conviction legal work in connection with Plaintiff's 2017 conviction in the United States District Court for the District of Nevada, and that

---

[1] A magistrate judge has authority to transfer a case for improper venue. *Hosseini v. Warden*, 2019 WL 13252062, at *1 n.1 (C.D. Cal. Apr. 17, 2019) (collecting cases).

[2] Plaintiff's request for additional time under Rule 4(m) to serve Defendant should be addressed to the Northern District Court of Illinois.

Defendant's representation fell well below the applicable standard of care and constituted fraud. Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332(a)(1), alleging he is a citizen of California[3] and Defendant is a citizen of Illinois.

When diversity jurisdiction is invoked, venue is proper in (1) a judicial district in which any defendant resides, if all defendants reside in the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b)(1)–(3). Thus, venue lies in any district where the defendant resides or where the incident giving rise to the claim occurred.

Defendant is an attorney licensed in Illinois, with his principal place of business in Chicago, Illinois., and is therefore citizen of Illinois. A substantial part of the alleged malpractice, related omissions, and forgery occurred in Chicago. Because Plaintiff could have filed this action in the United States District Court for the Northen District of Illinois, transfer is appropriate. 28 U.S.C. §§ 1404(a), 1406(a).

Accordingly, it is ORDERED:

1. Pursuant to 28 U.S.C. §1406(a), Plaintiff's motion to transfer (Doc. 7) is GRANTED.

2. The Clerk of Court shall TRANSFER this action to the United States District Court for the Northern District of Illinois, terminate any pending motions, and CLOSE this case in this Court.

Dated:     June 5, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[3] Although Plaintiff's residence is not a determinative factor for venue, Plaintiff admits he resides in a halfway house under federal supervision. An inmate's forced relocation due to incarceration does not change his domicile to the state of incarceration, as the inmate lacks freedom to choose his residence and the forced nature of the relocation "does little to evince an intent to make [the state of incarceration] his permanent home." *See Johnson v. Johnson*, 615 Fed. App'x 430, 431 (9th Cir. 2015).

2